NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW SCOTT, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CITY OF LOS ANGELES, Los Angeles World Airports, <br><br> Defendant - Appellee. | No. 24-340 <br><br> D.C. No. 2:23-cv-03706-MWF-AS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 16, 2024
Pasadena, California

Before: BADE and FORREST, Circuit Judges, and CURIEL, District Judge.**

Appellant Matthew Scott appeals from the district court's denial of his

motion for a preliminary injunction under the Americans with Disabilities Act

("ADA") and the California Disabled Persons Act ("CDPA") to require the City of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gonzalo P. Curiel, United States District Judge for the Southern District of California, sitting by designation.

Los Angeles to keep the single accommodation, accessible restrooms in the unsecured areas of the Los Angeles International Airport unlocked. As the parties are familiar with the facts, we do not recount them here. We reverse and remand.

We review the denial of a preliminary injunction for an abuse of discretion. *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The district court abuses its discretion when it relies on an erroneous legal standard or clearly erroneous facts. *Id.* To obtain a preliminary injunction, the plaintiff must show, *inter alia*, that he is likely to succeed on the underlying merits of his claim. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

1. Pursuant to Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. A plaintiff need not show intentional discrimination to obtain injunctive relief for an ADA violation. *Midgett v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 254 F.3d 846, 851 (9th Cir. 2001); *see also Ferguson v. City of Phoenix*, 157 F.3d 668, 674-75 (9th Cir. 1998).

The district court concluded that Scott could not "show a likelihood of success on the merits for his ADA claim" "[b]ecause it [was] unlikely that [he could] establish discriminatory intent based upon [his] disability, when ADA [compliant] bathrooms exist in close proximity" to the single-user restrooms.

Because a plaintiff need not show discriminatory intent to obtain an injunction under the ADA, *Midgett*, 254 F.3d at 851, the district court abused its discretion by applying the wrong legal standard. Denying injunctive relief based on the improper element of intent, the district court did not assess whether the policy of locking single-user restrooms has a disparate impact on individuals with disabilities in light of the ADA's implementing regulations and guidance. *See K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1102 (9th Cir. 2013). We therefore reverse and remand for the district court to perform this analysis in the first instance.

Because the district court did not complete the underlying disparate impact analysis, we do not review Scott's arguments that the district court failed to consider certain policies or goals in that analysis.

2. The district court denied Scott's CPDA claim on the ground that Scott had not shown a violation of the ADA. *See* Cal. Civ. Code § 54.1(a)(1), (3). But the CDPA, like the ADA, does not require a showing of intent. *Munson v. Del Taco, Inc.*, 208 P.3d 623, 631-32, 631 n.8 (Cal. 2009). Thus, the district court abused its discretion by, in effect, denying the injunction as to the CDPA claim for a failure to show discriminatory intent.

3. The district court did not clearly err by characterizing Scott's desire for a single-user restroom as a preference rather than a necessity. In his own complaint,

Scott states that he "requires an accessible stall but prefers an accessible single accommodation restroom." He does not state that he cannot use the accessible multi-stall restrooms. Thus, the district court's finding is not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Arc of Cal. v. Douglas*, 757 F.3d 975, 984 (9th Cir. 2014) (citation omitted).

**REVERSED AND REMANDED.**[1]

---

[1] We grant Scott's motion for judicial notice, Dkt. No. 5, because the airline tenant list and the California Access Compliance Advisory Reference Manual are "not subject to reasonable dispute [and] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b).